BAILEY ET AL. *v.* POCKET OIL AND GAS COMPANY ET AL.

[No. 11,071. Filed January 10, 1922.]

CORPORATIONS.—*Notes Signed by Corporation and Directors.—Suretyship.—Evidence.*—In an action on promissory notes which were signed by a corporation and the directors thereof

and which were payable to plaintiff's assignor, evidence *held* to show that the directors were sureties and the corporation the principal.

From Green Circuit Court; *Thomas Van Buskirk,* Judge.

Action by the Sullivan Loan and Trust Company against Joel Bailey, the Pocket Oil and Gas Company and others, in which defendants filed cross-complaints. From a judgment for plaintiff and defendant oil company, the remaining defendants appeal. *Affirmed in part and reversed in part.*

*Charles D. Hunt,* for appellants.
*Lindley & Bedwell,* for appellees.

McMAHAN, J.—Action by appellee loan and trust company against appellants and appellee Pocket Oil and Gas Company, on three promissory notes, signed by Pocket Oil and Gas Company, Joel Bailey, Ernst Seufer, John Ersinger, and Wm. Eisnine, payable to the order of appellant Claude Thompson, who in the regular course of business endorsed the notes to the loan and trust company. The oil and gas company filed a cross-complaint alleging that appellants are the principals on the notes and it is surety. Appellants also filed a cross-complaint alleging that the oil and gas company was the principal and that they were sureties.

It was agreed that the loan and trust company was entitled to a judgment against all the parties for the full amount of the notes. The court thereupon entered a judgment for the loan and trust company in accordance with such agreement, and the issues as to the cross-complaints were submitted to a jury and resulted in a verdict and judgment that the oil and gas company was a surety and that the appellants were principals. The separate motion of appellants for a new trial was overruled. The only question presented for our considera-

tion is whether the verdict finding that appellants are principals, is sustained by sufficient evidence.

The material facts as disclosed by the undisputed evidence are that in April, 1917, and for sometime prior thereto appellants and others as partners were engaged in the oil business. In April, 1917, appellants and their associates caused the oil and gas company to be incorporated and turned the partnership property over to the corporation in payment of stock. Appellants were elected directors of the oil and gas company. Following this, appellant Thompson drilled three wells on property on which the company had leases. The notes sued on were given in payment of the amount due Thompson for drilling these wells and for other work done on the property of the oil and gas company, and were executed pursuant to an order of the board of directors of the corporation. Some time after the execution of the notes, but before any of them were due, Thompson discounted and endorsed them to the loan and trust company for a valuable consideration. The partnership property was turned over to the corporation at a valuation of $7,000. Additional stock was sold aggregating about $8,000, and the money used in prospecting and developing the property of the corporation. There is no evidence tending in the least to show that the oil and gas company was surety on the notes. In fact the uncontradicted evidence is that it received the consideration for which the notes were given and was the principal, that the appellants, Bailey, Seufer, and Ersinger were sureties, and that appellant Thompson an endorser of the note.

No instructions were given the jury defining a surety or giving them any information relative to the liability of an endorser. The result of this failure was that the jury were left without any instructions from the court upon the only issue they were required to decide. The

liability of the several parties having been established without any conflict in the evidence, the court should on its own motion have instructed the jury to find that appellant Thompson was an endorser of the note, that the other appellants were sureties, and the oil and gas company principal and have submitted a verdict in harmony with such instruction.

The motion of each of the appellants should have been sustained as to the issue of suretyship.

The judgment is affirmed in so far as the loan and trust company is concerned and reversed as to the oil and gas company, with directions to the trial court to grant appellants a new trial on the issues between them and the oil and gas company on the question of suretyship.    Costs taxed against the oil and gas company.